## Salaries of Judges

PACKEL, Attorney General, December 10, 1973.—
You have inquired as to whether the presiding judges
of divisions of the Court of Common Pleas Court of
Allegheny County are to be considered "president
judges" under the salary schedule established by the
Commonwealth Compensation Commission in its
November 1972 Report. It is our opinion, and you are
so advised, that the terms in question are synony-
mous, and that the "presiding judges" of divisions in
Allegheny County are to be compensated in the same
manner as prescribed in the report for "president
judges" of said divisions.

Article V, §1, of the 1968 Constitution creates a
unified judicial system, and section 17 of the schedule
to Article V outlines the divisional scheme of the
Allegheny County Court of Common Pleas. Pursuant
to section 20 of the schedule, which pertains to Alle-
gheny County:

"*Until otherwise provided by law,* the trial division,
the orphans' court division and the family court divi-
sion of the court of common pleas shall be presided
over by a president judge, who shall be one of the
judges of such division and shall be elected for a term
of five years by a majority vote of the judges of that
division. He shall assist the president judge of the
court of common pleas in supervising the judicial
business of the court and shall be responsible to
him." (Italics supplied.)

Although scheduled to become effective January
1, 1969, this provision was superseded by the Act of
December 2, 1968, P.L. 1142 (No. 357), sec. 5(b),
17 PS §235.5(b), which took effect on January 1,
1969, and changed the designation of these judges
from "president" judge to "presiding" judge:

"The civil division, the criminal division, the Or-

phans' Court division and the family division of the court of common pleas shall each be presided over by a presiding judge, who shall be one of the judges of such division and except as hereinbefore provided shall be elected for a term of five years by a majority vote of the judges of that division. Each such presiding judge shall assist the president judge of the court of common pleas in supervising and administering the business of the court and shall be responsible to him."

Since section 20 of the schedule anticipated subsequent legislation, there is no conflict between the section and Act No. 357. Consequently, since January 1, 1969, judges with supervisory duties over the Allegheny County Common Pleas Court divisions have been properly identified as "presiding judges."

Article V, §16(a), of the Pennsylvania Constitution provides that "Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law." Pursuant to the Act of June 16, 1971, P. L. 157 (No. 8), 46 PS §6, the Commonwealth Compensation Commission established, inter alia, a salary schedule for members of the judiciary in a report dated November 30, 1972, which took effect January 30, 1973, retroactive to December 1, 1972. The commission provided a salary of $40,000 for the judges of the Court of Common pleas of Allegheny County. With regard to those judges exercising supervisory duties in each of the court's divisions, it provided them with a slightly higher salary of either $40,500, where the division has five or less judges, or $41,000, where the division has six or more judges. However, the commission provided for salaries of "president judges," not "presiding judges," although by the time of the report there no longer existed the office of divisional president judge. It would seem that the commission, in preparing its report, referred

only to section 20 of the Schedule to Article V, and neglected to take cognizance of Act No. 357 which changed the title of this office.

The Act of June 16, 1971, creating the commission, gave its report the force of law unless rejected in whole or part by the General Assembly. Since the November 1972 Report was not rejected, it has the force of law and is subject to interpretation under the Statutory Construction Act of December 6, 1972 (No. 290), 1 Pa. S. §1501, et seq. Section 1922 of the act, 1 Pa. S. §1922, permits the presumption that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." It would certainly be an absurd and unreasonable result to conclude that the Compensation Commission intended to give additional compensation to the president judge of division where no such person existed, especially where there exists a presiding judge.

Furthermore, pursuant to section 1932 of the Statutory Construction Act, 1 Pa. S. §1932, we must construe the Report and Act No. 357, in pari materia, for it is clear from the language of §20 of the Schedule to Article V, upon which the report undoubtedly relies, and of Act No. 357, that they both relate to the same class of persons.

Application of this rule leads to the unassailable conclusion that the terms "president judge" and "presiding judge" should be considered to be synonymous.

Finally, section 1930 of the Statutory Construction Act, 1 Pa. S, §1938, provides:

"A reference in a statute to a governmental agency, department, board, commission or other public body or to a public officer includes an entity or officer which succeeds to *substantially the same functions* as those performed by such public body or officer on

the effective date of the statute, unless the specific language or the context of the reference in the statute clearly includes only the public body or officer on the effective date of the statute." (Italics supplied.)

This means that, hypothetically, had Act No. 357 been passed after the Commission's Report, the salary schedule for president judges would have continued to apply to presiding judges, since they continued to perform the same functions as were performed by the president judges. A fortiori, under the current circumstances, where the change in title already had been enacted by the time the commission made reference in its report to "president judges" of divisions of common pleas court, that reference clearly encompasses the "presiding judges" who succeeded to the same function as those exercised by their predecessors.

We note that the Common Pleas Court of Philadelphia County, like that in Allegheny County, is divided into divisions, the president judges of which are denominated "administrative judges," a term synonymous with "presiding judges" under Rule 102 of the Pennsylvania Rules of Judicial Administration. The Compensation Commission provided the same salary schedule for those administrative judges in Philadelphia as it did for the president judges in Allegheny County, and it is plain from the report that the commission intended to compensate at a higher salary those judges who perform the administrative and supervisory duties in the common pleas court divisions of the two largest counties in the Commonwealth. From this arrangement, it is all the more evident that the presiding judges in Allegheny County are entitled to the salary scale designated in the report for president judges of common pleas court divisions in Allegheny County.

Pursuant to section 512 of the Administrative Code of April 9, 1929, P.L. 177, 71 PS §192, we have afforded the Department of the Auditor General the opportunity to present any views which it may have upon this question, and we are advised that it is not opposed to the conclusions expressed in this opinion.